IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MICHAEL BRELON JACKSON, | : |
| Plaintiff | : |
| VS. | :     **1 : 08-CV-54 (WLS)** |
| JIM MILLER, Deputy Warden, ELIJAH MCCOY, and Captain GEORGE ANDERSON, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are the defendants' Motion for Summary Judgment and the plaintiff's Motion to Amend. The undersigned notified the plaintiff of the filing of the defendants' motions, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed this action in March 2008, raising allegations of deliberate indifference on the part of the defendants, officials at Decatur County Correctional Institute ("DCCI"), during plaintiff's confinement there in March 2007. Defendant Miller is the Warden of the DCCI, presently taking a leave of absence, defendant McCoy is serving as Warden in Miller's absence, and defendant Anderson is a captain at the facility. According to the plaintiff's complaint, he was attacked by inmate Christopher Gregory on March 27, 2007, while confined at DCCI. Gregory allegedly choked the plaintiff into a state of unconsciousness and then raped him. Plaintiff notified officers of the attack and was taken to the hospital. Following an investigation,

Gregory was charged with aggravated sodomy, aggravated assault, and false imprisonment, although these charges were eventually dismissed.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  The defendants have supported their motion for summary judgment with the affidavits of the individual defendants as well as portions of the plaintiff's prison file.

The deliberate indifference standard has both an objective and a subjective component. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278,

1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994).  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id.  "Thus, to survive summary judgment on his section 1983, Eighth Amendment claim, [the plaintiff is] required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  The plaintiff's claim of deliberate indifference apparently includes allegations that the defendants were deliberately indifferent to the serious risk of harm posed by inmate Gregory and allegations that the defendants were deliberately indifferent to the risk of harm posed in the facility in general.

     The defendants, by means of their affidavits, show that the plaintiff never discussed inmate Gregory or any potential threat of harm with any of the defendants, nor were they ever informed of any threats from Gregory or that Gregory posed a danger to the plaintiff.  Plaintiff did not ask any of the defendants to place him in protective custody prior to the incident on March 27, 2007, and none of the defendants believed, prior to the incident, that Gregory posed any danger to the plaintiff.  In his affidavit filed in response to the defendants' summary judgment motion, the plaintiff admits that he did not notify any of the defendants about any prior problems or threats from inmate Gregory.  Additionally, as the defendants point out, the plaintiff

makes no claim of a history of excessive inmate violence at DCCI and there is no evidence in the record of such a history at the facility.  The plaintiff has thus failed to present sufficient evidence showing that he was both exposed to a substantial risk of serious harm and that the defendants subjectively knew about this risk and knowingly or recklessly ignored the risk.  *Farmer*; 114 S. Ct. at 1976; *Hale*, 50 F.3d at 1583; *see also Newton v. Black*, 133 F.3d 301 (5th Cir. 1998)(defendant prison officials were not liable for failing to protect prisoner from attack by fellow inmate; prison guard did not suspect that inmate posed a substantial risk of harm prior to the attack); *Prater v. Dahm*, 89 F.3d 538 (8th Cir. 1996)(plaintiff did not allege facts from which an inference of substantial risk of harm could be made; plaintiff alleged only that fellow inmate had made threats against him); *Pagels v. Morrison*, 335 F.3d 736 (8th Cir. 2003) (evidence was insufficient to establish that correctional officer was deliberately indifferent to any serious threat of harm; inmate's letter indicated he was not worried about getting hurt and search of cell did not reveal any further danger).

   In response to the defendants' summary judgment showing that they had no subjective knowledge of any substantial risk of serious harm, the plaintiff maintains that the defendants should have prevented the incident because of their role as supervisors of the facility.  To the extent that the plaintiff argues in his affidavit testimony that the defendants are liable based on their failure to adequately supervise and monitor inmates with a history of violence, such as inmate Gregory, plaintiff has failed to show anything more than perhaps one incident in Gregory's known history regarding a propensity for violent behavior.  Apparently relying on affidavit testimony from defendant McCoy that inmate Gregory was "going to hit a prison official with a broom handle" in August 2006, the plaintiff argues that the defendants were

deliberately indifferent to the threat from Gregory based on his history. However, as the defendants point out, one incident such as this is insufficient to hold prison officials liable for deliberate indifference under the Eighth Amendment. *Purcell ex rel Estate of Morgan v. Toombs Co.*, 400 F.3d 13 , 1320 (11th Cir. 2005). "[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] generally problematic nature." Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

Plaintiff's Motion to Amend, filed after the filing of defendants' Motion for Summary Judgment, is hereby **DENIED**; the court notes that it denied plaintiff's prior motion to add a defendant on February 6, 2009.

**SO ORDERED AND RECOMMENDED**, this 20th day of August, 2009.

 /s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb